Western Dist.
*Sept.* 1837.

Fennessy
*vs.*
Gonsoulin.

ties, unless contradicted by a counter-letter, or the answer of the party to interrogatories on facts and articles.

---

11L 419
47 108
47 274

## FENNESSY *vs.* GONSOULIN.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE SEVENTH PRESIDING.

Where the object of a suit is to avoid a judgment, and the assignment of property under it to the party, as being in fraud of the rights of other creditors of the judgment debtor, it is to be regarded as a revocatory action, by which creditors may cause to be annulled any contract or transaction, so far as they have been injured by it.

Every device, contrivance or machination by which a creditor may have been prejudiced, may form the subject of the revocatory action.

The assignment of property to the wife, in pursuance of a judgment against her husband for her dotal and paraphernal effects, is essentially a contract, *a datien en paiement;* and is like all other contracts, liable to be attacked, as made in fraud of the other creditors of the husband. The action to avoid it is prescribed by one year from the date of the judgment of the attacking creditor.

The mere acknowledgment in a marriage contract of the receipt of money by the husband, is not conclusive against his creditors.

WESTERN DIST.
Sept. 1837.

FENNESSY
vs.
GONSOULIN.

Where the judgment creditor has a mortgage on the property set over to the wife, in satisfaction of her judgment against her husband for her dotal and paraphernal effects, the mortgage property will be liable in her hands.

This suit is in the nature of an hypothecary action, to enforce a judicial mortgage against certain property in the possession of the defendant.

The plaintiff alleges, that he is the assignee and owner of a certain recorded judgment, obtained by Joseph Fenwick against Adelaide Gonsoulin, and one Sebastian Castigo, for eight hundred and fifty dollars, rendered the 29th April, 1824, and duly recorded and assigned, the 2d day of January, 1826. This judgment was obtained for the price of a house and lot, sold by Pierre Gillé to the said Adelaide Gonsoulin, and Castigo, her surety, which carries with it the vendor's privilege, and operates as a judicial mortgage on all the property of the principal and surety.

The plaintiff further shows, that Adelaide Gonsoulin is now insolvent, and that Castigo intermarried with one Marie Aimée Poussone Gonsoulin, who, desirous of appearing to be worth large property, falsely and fraudulently represented, and had it so stipulated in the marriage contract, that her present property was worth four thousand two hundred dollars, and to consist of a tract of land, four arpents front by thirty in depth, on the bayou Têche, estimated at six hundred dollars; also five hundred dollars in pin money, and two thousand five hundred dollars in a donation from Madame Dubouclet, all of which the said Castigo was made to believe, by the fraud and artifice of the said Marie, would be paid and realized, and accordingly acknowledged the receipt thereof, but none of which was ever paid.

The plaintiff further shows, that some time after the marriage, the said Marie, in order to defraud the creditors of Castigo, falsely and fraudulently commenced a suit for a separation of property from her said husband, claiming as the amount she brought in marriage, the sum of four thousand two hundred dollars; that the said Castigo fraudulently combining with her, made no defence, and judgment was rendered for the entire sum claimed the 24th October, 1824,

which was satisfied by the delivery of property of her said husband, comprising a number of slaves, and the four arpent tract of land which she took back at one hundred dollars.

The plaintiff further shows, that the estate of said Castigo, is exhausted by said judgment, but that he has a judicial mortgage on the property set off to the defendant, in satisfaction of said judgment ; and he further says, that he is remediless unless he can have recourse against the said Marie, and the property of Castigo conveyed to her as aforesaid. He therefore, prays, that her judgment be annulled, and that the property assigned to her in satisfaction thereof, be recovered back and made subject to his judicial mortgage, etc.

The defendant pleaded a general denial, and averred, that the marriage contract between her and her husband, was duly registered in the parish of St. Martin, in which her husband resided until his death, and he acknowledges to have received on her account, four thousand two hundred dollars, as stated in said contract ; that in January, 1824, she instituted suit and obtained a judgment of separation of property for the restitution of her dotal rights, and that the creditors including the present plaintiff, made opposition and resisted her claim ; but that she had judgment in October, 1824, for the sum claimed, and experts or appraisers set off to her the property in satisfaction thereof ; that said judgment cannot be disturbed, having been obtained contradictorily with the creditors of her husband. She prays that the plaintiff's demand be rejected, and for general relief.

Upon these pleadings and issues the cause was tried by the court.

On the evidence produced, the district judge rendered judgment for eight hundred and fifty dollars, with interest and costs, and judicial mortgage against Castigo. The judge was further of opinion, that the defendant had no mortgage on the immovables and slaves of her late husband, the declarations contained in the marriage contract not being supported by evidence ; that her judgment is fraudulent as respects the plaintiff, and the property set off to her in satisfaction still remains liable to the plaintiff's mortgage, and the

WESTERN DIST.
Sept. 1837.

FENNESSY
vs.
GONSOULIN.

debts of Castigo's succession. He then annuls the judgment she obtained against her husband, and orders certain slaves which she received in satisfaction of it, to be seized and sold to satisfy the plaintiff's demand. The defendant appealed.

*Bowen,* for the plaintiff, showed from the evidence, the fraud practised by the defendant against the creditors of Castigo, the surety of the plaintiff's original debtor, and that the judicial mortgage attached to all his property before it passed into the hands of the defendant.

2. He repelled the plea of prescription as not applicable to this case, and cited the *Louisiana Code, articles* 1989, 2218, 2418, and 3507.

*Caillet* and *Simon,* for the defendant.

1. The plaintiff as creditor of the defendant's late husband, seeks to annul a contract of marriage, alleged to have been made in fraud of his rights. This, then, is a revocatory action, which must be brought within one year, either from the date of the contract (when fraud is not the basis of the action) or from the time the creditor has obtained his judgment, if fraud be alleged. *Louisiana Code,* 1982, 1989. 10 *Martin,* 436. 3 *Louisiana Reports,* 29.

2. This cannot be considered as a hypothecary action, for the rules of proceeding, pointed out by law, have not been pursued. See *Code of Practice,* 61, 62, 69 and 70.

3. If the plaintiff had brought his hypothecary action, then the defendant's legal mortgage on the property of her husband, would have had the preference.

4. But in the shape in which the suit is now brought, the defendant's plea, of the prescription of one year, should be allowed to prevail.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff alleges that he is a judgment creditor of Sebastian Castigo, deceased, insolvent ; that the present defendant, his wife, had entered with him into a fraudulent combination to place his property beyond the reach of his

creditors, and particularly of any execution which might issue on the judgment in favor of the plaintiff; that under the false pretense of having brought into marriage the sum of four thousand two hundred dollars, partly in her own savings, partly in a sum of six hundred dollars, to be paid shortly after the marriage, and a tract of land, and partly in a donation of two thousand four hundred dollars, from Madam Debouclet, which, he avers, never was paid, although the payment is acknowledged, for fraudulent purposes in the marriage contract, she had recovered a judgment against her said husband for the full amount of four thousand two hundred dollars, which had been satisfied by setting over to her at its appraised value, all the property of her husband; that the tract of land which she had brought into marriage, estimated at six hundred dollars, had been set over to her in part satisfaction of her judgment, estimated only at one hundred dollars. The plaintiff alleges, that this judgment to which he was not a party, is null, and he prays it may be annulled on account of the fraud and collusion between the parties, averring at the same time, that the husband had never received the several sums specified in the marriage contract. The petition concludes with a prayer for a judgment for two thousand dollars damages, and general relief.

In an amended petition the plaintiff further prays, that the defendant's judgment against her husband, and all proceedings thereon, be annulled, or that the land so received by her at one hundred dollars, be decreed to be sold and its proceeds after paying her one hundred dollars, applied to pay the plaintiff's judgment, or that she be adjudged to pay him five hundred dollars, she having, even supposing no fraud to have been committed, received that sum over and above what was due her by her husband. This amended petition also concludes with a prayer for general relief.

The defendant denies her liability to pay any debt of her late husband. She alleges, that the plaintiffs had full notice of the claims she had upon her husband by her marriage contract, and that notwithstanding the opposition of the plaintiff and other creditors, she obtained a judgment on the

WESTERN DIST.
*Sept.* 1837.

TENNESSY
*vs.*
GONSOULIN.

24th of October, 1824, against him, and that in pursuance thereof, the parish judge, assisted by two experts, had set over to her, property to the amount of her claim, and that the judgment is conclusive upon the plaintiff. She further pleads the prescription of one year.

The judgment set up by the plaintiff was rendered on the 19th April, 1824, and this suit was instituted on the 19th March, 1827. The property was set over to the defendant, on the 24th of January, 1835, in satisfaction of his judgment.

Where the object of a suit is to avoid a judgment and the assignment of property under it to the party, as being in fraud of the rights of other creditors of the judgment debtor, it is to be regarded as a revocatory action, by which creditors may cause to be annulled any contract or transaction, so far as they have been injured by it.

So far as the object of the present suit is to avoid the judgment recovered by the defendant against her husband, and the assignment of property to her, in pursuance of it, as in fraud of the plaintiff's rights, we can regard it in no other light than as a revocatory action, by which, according to the code, creditors may cause to be annulled any contract or transaction, so far as they may have been injured by it. Every device, contrivance or machination, by which a creditor may have been prejudiced, may form the subject of this action. The assignment made to the wife, of property, though made by the parish judge and experts, in conformity to the judgment, in presence and by the express consent of the parties, must be considered as essentially a contract : *a datien en paiement.* A contract of that description, in consideration of the dotal and paraphernal rights of the wife, is, perhaps, authorized by the code ; but, like all other contracts, it is liable to be attacked, as in fraud of other creditors of the husband. The action is, however, prescribed by one year, to run from the date of the judgment which the attacking creditors may have obtained. *Louisiana Code,* 1989.

Every device, contrivance or machination, by which a creditor may have been prejudiced, may form the subject of the revocatory action.

The assignment of property to the wife, in pursuance of a judgment against her husband for her dotal and paraphernal effects, is essentially a contract, *a datien en paiement,* and is like all other contracts, liable to be attacked, as

The evidence does not, in our opinion, authorize a judgment against the defendant, for any thing as personally liable for the debt. But the District Court thought, that as it appeared in evidence that the plaintiff had a judicial mortgage on the slaves transferred to the defendant under her judgment, he was entitled to have them seized and sold, and rendered judgment accordingly, under the prayer for general relief.

No objection was made to the introduction of the evidence, and it is contended that, according to the well settled doctrine of our jurisprudence, parties are to recover according to their proofs. The plaintiff shows a judicial mortgage on the slaves set over to the defendant, and it does not appear to us she has shown a better right. The mere acknowledgment in a marriage contract of the receipt of money by the husband, is not conclusive against his creditors. There is no proof that the two thousand five hundred dollars, alleged to have been given as a marriage portion, ever was paid to the husband, and the tract of land for which she recovered six hundred dollars, remained her property, notwithstanding the estimation in the contract.

But the District Court went further than merely ordering the slaves to be seized and sold to satisfy the mortgage, and pronounced the nullity of the judgment and transfer. In this respect we think its judgment ought to be reformed. We are bound to consider the defendant as owner of the property set over to her under her judgment, but that the previous mortgage of the plaintiff still subsists on the slaves, and they are liable to be seized and sold to pay the amount.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such judgment as ought to have been rendered below, it is further ordered and decreed, that the slaves Charles, Agatha and her children Eugene, Zenon and Marie, and also a mulatress named Marie, be seized and sold to satisfy the plaintiff's judgment, to wit: the sum of eight hundred and fifty dollars, with interest, at five per cent., from the 25th of March, 1824, and costs, together with the costs of the District Court, those of the appeal to be paid by the plaintiff and appellee.

The mere acknowledgment in a marriage contract of the receipt of money by the husband, is not conclusive against his creditors.

Where the judgment creditor has a mortgage on the property set over to the wife, in satisfaction of her judgment against her husband for her dotal and paraphernal effects, the mortgage property will be liable in her hands.