### STEPHEN VAN WICKLE *v.* SARAH GARRETT AND HUSBAND.

*The action of a judgment creditor of the husband to annul a judgment of the wife against the husband, on the groud of fraud, is prescribed by the lapse of one year from the date of the wife's judgment, she having a real demand.*

*The reinscription of a judgment interrupts prescription against the hypothecary action on the judgment.*

APPEAL from the District Court of the Parish of Pointe Coupeé, *Haralson*, J. *U. B. & E. Phillips*, and *P. A. Roy*, for plaintiff. *W. H. Cooley* and *A. Provosty*, for defendants and appellants.

LAND, J. This is a revocatory action to annul a judgment of separation of property, obtained by defendant against her husband, and also an hypothecary action to enforce a judicial mortgage on a tract of land and certain slaves in possession of defendant.

The plaintiff obtained a judgment on the 19th of May, 1837, against *R. R. Coyle*, the husband of defendant, for two thousand dollars with interest, and afterwards, in 1839, obtained another judgment against him for one thousand dollars.

These judgments were duly recorded, and have been reinscribed in the proper office.

In 1841, defendant sued her husband for a separation of property, for the recognition of her title to certain slaves, and for the recovery of a debt of $4,116.

In 1842, a judgment was rendered in favor of defendant for a separation of property, for the slaves claimed, and for the sum of $3,450.

In 1848, *Coyle*, the husband, transferred to his wife, the defendant, a tract of land in part payment of her judgment, at the price or estimation of $1599 50.

In 1855, this suit was commenced to annul the judgment of separation of property, on the grounds of collusion and fraud between defendant and her husband, and to subject all the property in her possession as community property to the payment of his judgments, and to enforce his judicial mortgage on the land and slaves held by her.

The defendant pleaded to these demands a general denial, and the prescription of one, ten, fifteen and twenty years.

The plaintiff was the judgment creditor of the husband at the date of the rendition of defendant's judgment, and his right to sue to annul her judgment on the groud of fraud, she having a real demand, was prescribed by the lapse of one year from its date. *Fennessy* v. *Gonsoulin*, 11 La. 424; C. C. Art. 1989. The prescription of one year, was, therefore, a bar to plaintiff's revocatory action.

The prescription of ten years pleaded in bar of the hypothecary action, was interrupted by the reinscription of plaintiff's judgments, and was, therefore, properly overruled. C. C. 3333.

There is no error in the judgment of the lower court.

Judgment affirmed, with costs in both courts.