### LINTON *vs.* MOORE.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. LANDRY.

The appellee must allege the injury done him by the judgement, and pray that it be amended, in his answer, or he will not be relieved on the appeal.

The law allows remuneration for the counsel of absent heirs for services rendered, but no compensation for the loss of the opportunity of being employed against the estate claimed by the heirs he represents.

The plaintiff having been appointed, in November last, attorney for an absent heir to the estate of R. Taylor, deceased, filed his petition last May term of the court, against the administrator, demanding three hundred and one dollars, as a compensation for his services; alleging that the law deprived him of the power to represent claims and appear against the heirs of the succession, in consequence of said appointment. He prays that the administrator be condemned to pay him the above sum, &c.

The defendant denied that any services had been rendered, or that any compensation was due to the plaintiff. The judge allowed the legal fee of eleven dollars, and gave judgement for the plaintiff accordingly. The latter appealed.

WESTERN DIS.
Sept. 1832.

LINTON
vs.
MOORE.

It was admitted the plaintiff had been regularly appointed, on his own application, in November last; that there were four heirs to the decedent's estate, and the inventory amounted to about ten thousand dollars. It was agreed the papers of the succession, on file in the parish judge's office, might be referred to, as evidence in this cause. They do not show that any services whatever were rendered by the attorney of the absent heir; from them it appears the inventory was taken before the appointment.

*Linton*, *in propria persona*, submitted the case on the part of the plaintiff.

*Curry*, for defendant, submitted the following points:

1. "The counsel of absent heirs are only entitled to receive fees and emoluments proportioned to the pains taken in the performance of their duties," &c.; which are "not to be granted to them except on proof being made of the services by them rendered." *L. Code, art.* 1213.

2. There is no proof that any services were rendered in this case, other than the appointment of the plaintiff; that there were a certain number of heirs, and the amount of the inventory stated.

3. The plaintiff was appointed in November, 1831, after the inventory was made; and filed this suit in May last, before the administration was closed or settled, or the tableau of distribution homologated; consequently, his action is premature, and should be dismissed.

MARTIN, J., delivered the opinion of the court.

The plaintiff having been appointed to represent an absent heir of a person whose estate was administered by the defen-

dant, stated the estate was much involved, and a long time would be required for its settlement; and in as much as his appointment deprived him of the faculty of being employed against the estate, he claimed three hundred and one dollars, as a remuneration for his services. The defendant pleaded the general issue. The plaintiff had judgement for eleven dollars, and appealed.

The statement of facts admits the plaintiff's appointment; states the amount of the inventory to be ten thousand four hundred and sixty-six dollars and sixty-six cents.

The defendant's counsel has contended, that the counsel of an absent heir is entitled only to emoluments and fees proportioned to the pains taken in the performance of his duties, and they are not to be allowed but on proof of the services rendered, and of the value thereof. *L. Code*, 1213. And in the present case there is no proof of any service: that the plaintiff was appointed in November, 1831, after the inventory was filed, and instituted the present suit in May following, and before the administration was closed and settled, and a tableau of distribution; consequently, the suit is premature and ought to be dismissed.

The appellee must allege the injury done him by the judgement, and pray that it be amended, in his answer, or he will not be relieved on the appeal.

As the appellee has not alleged any injury done him by the judgement, and prayed that it may be amended, in his answer, we cannot relieve him from the payment of the sum awarded to the appellant.

The law allows remuneration for the counsel of absent heirs, for services rendered, but no compensation for the loss of the opportunity of being employed against the estate claimed by the heirs he represents.

On the merits we think with him, that the plaintiff has not proven, nor even alleged any services rendered by him, and from the state in which the succession was, both at the time of his appointment and at the time of the inception of the present suit, it is not to be imagined he rendered any. Indeed, his claim is professedly to be indemnified for the chance he has lost of being employed against the estate, and not for any services pretended to have been rendered to the absent heir. The law allows remuneration for services rendered, but no compensation for the loss of the opportunity of being employed against the estate.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Court of Probates be affirmed, with costs in this court; the costs to be paid by the appellant.