WESTERN DIST.
*August*, 1834.

COONEY'S HEIRS
*vs.*
CLARK.

Where a person has a right of possession and suffers his adversary to remain in peaceable possession more than a year, he forfeits his right to a possessory action, and has no remedy left him but the petitory.

The right of possession and actual possession authorise the possessor to bring an action of trespass, and it is the province of the jury to assess the damages.

to use it as his own, and continued thus to possess it more than one year before the defendant entered, committed the trespass complained of, and took the property from the plaintiff.

Under these circumstances, we do not believe the case properly presents any question of title. So far from the appellant having any right forcibly to enter on, and seize the land in dispute, he had, by the lapse of time during which the appellee was suffered to remain in peaceable possession, forfeited his right to a possessory action, and had no remedy left but the petitory. The right of possession acquired by the plaintiff, and actual possession under the contract, authorise the present suit, which is simply an action of trespass. It was the province of the jury to assess his damages, which appear to us not to be excessive.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs; reserving to the defendant his right, if any he have, to sue for a rescission of the contract of sale, &c.

---

## COONEY'S HEIRS *vs.* CLARK.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

Where heirs claim certain slaves allotted to them in the partition of their ancestor's estate, the *procès verbal* of partition is admissible in evidence, to show title on the part of the claimants.

A partition among heirs of property really belonging to the estate inherited, although not homologated in due time, which is informal and only provisional, gives to each heir a separate, and good and valid title to the property partaken by each, until annulled or changed on the application of those interested in the property of the succession.

Property which belongs to the matrimonial community of acquests and gains, may be seized and sold for the debts of the surviving partner, after the dissolution of the marriage, by the death of one of them, *so far as the interest or one undivided half*, of the survivor is concerned, when no proceedings are had before the levy or seizure to make partition among the heirs.

The plaintiffs are the heirs and legal representatives of John Cooney, deceased. The widow, as tutrix of her two minor children, commenced this action to recover from the defendant two slaves, Lucy and Nelson, who, they allege, belonged to their father in his life-time, as appears by an act of partition between them and their sister Mary M., wife of Vincent Vaughan. The plaintiffs further allege, that the defendant has illegally and unjustly taken possession of said slaves, and refuses to deliver them up. They pray that the defendant be decreed to deliver up said slaves, and twelve dollars per month for their hire, from the 29th of September, 1829, and costs.

The defendant pleaded the general denial; and stated that he purchased said slaves the 16th September, 1829, at sheriff's sale, under execution, issued on a judgment rendered in the suit of John C. Morris *vs.* Mrs. Rowena Cooney, the tutrix of the plaintiffs; that said Morris and said Rowena Cooney are both liable to him in warranty, whom he cites accordingly; and prays that, if judgment be rendered against him, that he have judgment against them *in solido* for the sum of five hundred dollars, which he paid for said slaves, with interest, damages and costs.

Mrs. *R. Cooney* answers to the call in warranty, and says the execution under which the slaves were seized and sold illegally issued, being ordered by the defendant, Clark, himself, and not the plaintiff in execution; that she never pointed out the slaves seized in said execution, or assented to their seizure, for which reasons the sale was illegal, and that the defendant purchased with full notice of its illegality, and derives no title therefrom. In an amended answer, she alleges the sale under execution of the slaves in question is illegal, for want of notice to the defendant therein, to appoint

WESTERN DIST.
*August*, 1834.
───────────
COONEY'S HEIRS
*vs.*
CLARK. an appraiser ; that the property did not sell for a sum sufficient to satisfy the mortgages existing on it.

*Morris* pleaded a general denial to the call in warranty ; and in an amended answer avers, he assigned the judgment on which execution issued against said slaves to defendant, Clark, before the issuing thereof.

The evidence shows, that the estate of John Cooney, deceased, was partitioned among his three children, in September, 1828 ; that lots Nos. 1 and 2 fell to the two minors and plaintiffs in this suit, in which were included the slaves Nelson and Lucy; that the mother, Rowena Cooney, was apppointed tutrix to said minors, in October, 1832, after a second marriage. It also appeared, that Mrs. Rowena Cooney had mortgaged these slaves with others, to secure a debt due by her, of five hundred and five dollars, in April, 1827. Morris obtained judgment against Mrs. R. Cooney, on an obligation signed by her for two hundred ninety-two dollars and twenty-eight cents, in 1827. The negroes were seized and sold under this judgment, the 16th September, 1829. The evidence further showed, that the estate of John Cooney, deceased, was partitioned among his heirs the 25th September, 1828, and that the two slaves in controversy were allotted to the two heirs, who now are the plaintiffs in the present suit.

The jury returned a verdict for the plaintiffs, for one-third of the value of the two negroes claimed, and four dollars per month hire, from the 16th September, 1829 ; and that Mrs. R. Cooney, as warrantor, is bound to the defendant, Clark, for the purchase money; and find a verdict in favor of Morris, the other warrantor. Judgment was rendered accordingly; but a remittitur having been entered for two-thirds of the purchase money, so that judgment was only rendered against Mrs. R. Cooney, in favor of Clark, for one hundred and sixty-six dollars sixty-six.cents and two-thirds, with interest and costs. The plaintiffs appealed.

*Turner*, for the plaintiffs.

1. The defendant cannot attack the title of Cooney's heirs, to these slaves, or subject them to the payment of his claim against their mother. He should have brought an action of nullity, to set aside the partition.

2. The title under which the plaintiffs claim the slaves, was sufficient in law to entitle them to a recovery against the defendant.

3. The possession of the slaves by the defendant, is *tortious,* and they must be surrendered to the legal owners. In such a case, the *tortious* possessor is bound for the full value of the hire of the slaves.

4. The defendant did not acquire any title to the slaves in contest, by the pretended seizure and sale of them to him, on which he relies.

5. The plaintiffs insist, that they are entitled to recover the slaves in contest, and their hire. The judgment of the District Court must be reversed, and judgment rendered in their favor. They rely on the following authorities. *La. Code,* 1219, 1428. 10 *Martin,* 256. 6 *Martin, N. S.* 324. 5 *Ibid.* 361. 7 *Ibid.* 381. 1 *La. Reports,* 282. 2 *Ibid.* 299.

*Ripley & Lawson,* for defendants.

*Mathews, J.,* delivered the opinion of the court.

This suit is brought to recover two slaves, named Nelson and Lucy, and described in the petition as the property of two of the children of the plaintiff, who represents them as natural tutrix. They claim as heirs to the succession of their deceased father.

The defendant, in his answer, sets up title under a sheriff's deed, which appears to have been made in pursuance of a sale by execution, wherein the property was seized as belonging to the mother, to satisfy a judgment which had been obtained against her by one Morris, &c. The cause was submitted to a jury in the court below, whose verdict, although not clearly intelligible, appears to be the basis of the judgment of that court; from which the plaintiffs appealed.

WESTERN DIST.
*August*, 1834.
―――――――
COONEY'S HEIRS
*vs.*
CLARK.

Where heirs claim certain slaves allotted to them in the partition of their ancestor's estate, the procès verbal of partition is admissible in evidence, to show title on the part of the claimants.

A partition among heirs of property really belonging to the estate inherited, although not homologated in due time, which is informal, and only provisional, gives to each heir a separate and good and valid title to the property partaken by each, until annulled or charged on the application of those interested in the property of the succession.

The evidence of the case shows, that the slaves now in contest were, during his life-time, in the possession of the father of the plaintiffs, and were at his death left amongst the property of his succession. It does not appear that an inventory of his estate was ever regularly made, or that any partition of the community of acquests and gains presumed by law, was made at any time after the dissolution of the marriage by the death of the husband. The entire property which was left by the husband, seems to have remained in an undivided state, in the possession of his widow and surviving partner, until the 25th of September, 1828; when a provisional partition took place between the plaintiffs and their sister, who is co-heir; the whole number of heirs of the deceased father being three. In the division which was made of the slaves, assumed to be the property of the succession of John Cooney, the ancestor of the appellants, the two slaves in question fell to their lot; one to each of them. The introduction of the *procès verbal* of partition, was excepted to by the defendant; it was, however, admitted in evidence by the court below, and, we are of opinion, properly; but no effect was allowed to it in the charge of the judge *a quo;* to which an exception was taken by the counsel of the plaintiffs.

It appears to us, that a just decision of the case depends mainly on the effect which ought to be given to this evidence of title on the part of the appellants. It does not purport to be a partition of the whole estate of the deceased, being in appearance confined to certain slaves specified by name, and appraised by experts appointed by the judge of probates of the parish, where the succession was opened, the ancestor having died intestate. The principal objections to it are informalities in the proceedings, and want of homologation in due time. It is true that the proceedings do not appear to be clothed with all the formalities, which probably are required by law to give absolute and conclusive effect to them as a final partition. It was made in judicial form, between co-heirs, some of whom were minors, represented by their mother and tutrix; and if the property really belonged to the estate of their father, the partition thus made gave to each heir a separate

title to the property by him partaken, good and valid until annulled, or changed by application of those interested in the property of the succession. See *La. Code, arts.* 1219 *and* 1438.

The principles on which the cause seems to have been decided in the court below, are exhibited in the charge of the judge to the jury. One among them is, that the property in dispute belonged to the matrimonial community of *acquests and gains,* which existed between Mrs. Cooney and her husband, at the time of his death. The presumption of law is as assumed in the charge, and if no proceeding had taken place before the levy of the execution which issued against the property of the surviving partner, her undivided interest presumed to exist, the slaves now sued for might have been legally seized and sold. This presumption, we are of opinion, is outweighed by the partition at which the presumed part owner assisted, and thereby virtually acknowledged the exclusive right to be in the succession of her husband, to the slaves which were divided and partaken as such. Whether these proceedings may be annulled by creditors of the widow, alleging fraud, is a question which we are not called on to determine, in the present suit. According to the pleadings and evidence before us, we are of opinion that the plaintiffs have made out their title, and that the defendant has shown none.

Property which belongs to the matrimonial community of acquests and gains may be seized and sold for the debts of the surviving partner after the dissolution of the marriage by the death of one of them, *so far* as the *interest* or one undivided half of the survivor is concerned, when no proceedings are had before the levy or seizure to make partition among the heirs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, and that the plaintiffs and appellants do recover from the defendant and appellee, the slaves Nelson and Lucy, named and described in their petition, and also the sum of one hundred dollars per year, as the value of the services of said slaves, from the institution of this suit until they shall be delivered up to the plaintiffs, &c. : and it is further ordered, adjudged and decreed, that the defendant and appellee do recover from Rowena Cooney, called in warranty, the sum of five hundred dollars, the price by him paid in consequence of the sale by the sheriff, with five per cent. interest thereon yearly until paid. All costs of this suit to be paid by the warrantor, &c.