CLARK
*vs.*
CHRISTINE ET AL

=====

CLARK *vs.* CHRISTINE ET AL.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH JUDICIAL DISTRICT PRESIDING.

An action merely to annul a judgment, must be brought in the court which pronounced it.

But where a creditor sues to annul not merely a judgment of partition, but the partition itself, on the ground of fraud and collusion, in order to reach the property, the cognizance of such an action belongs to the ordinary jurisdiction, and not to the Court of Probates.

This is an action instituted in the Probate Court for the parish of East Feliciana, to annul a partition.

The plaintiff shows that he is a judgment creditor, in the sum of five hundred dollars, with interest, of Rowena Christine, formerly widow Cooney ; that at the death of her first husband, John Cooney, there was a considerable amount of community property consisting of lands and slaves, which remained for some time undivided, in the hands of the sur-

viving wife, belonging to her and the children of the mar-
riage with Cooney ; that she became embarrassed, and
many claims and judgments were pressing her, and among
others that now sued on, which was transferred to this peti-
tioner, by one J. C. Morris.

The plaintiff alleges, that while in this embarrassed situation, with a view to defraud her creditors, she obtained an order from the judge of probates, for the parish of East Feliciana, and caused a pretended and simulated partition to be made of all the slaves among the minor and other children of said marriage, without regard to her rights in the community, and by means of which the petitioner is deprived of his debt, and prevented from enforcing his said judgment.

He alleges, that this partition is null and void on many grounds, which he sets forth ; and prays that it be adjudged null and void, and that he be allowed to enforce his claim against the property thus partitioned out, so far as the widow Cooney has a right to it.

The defendants excepted to and answered this petition on various grounds ; and averred, that the Probate Court was without jurisdiction to try the case, which involved title to slaves, etc.

Upon this issue the cause was tried. The judge of probates was disqualified from sitting in the case, having been, before his appointment, one of the counsel. It was, accordingly, transferred to the District Court for trial. The district judge sustained the plea to the jurisdiction of the Court of Probates, and the plaintiff appealed.

*Lawson*, for the plaintiff.

The court *à quo* erred in deciding that it had no jurisdiction of the case. The decree of partition complained of, having been rendered in the Probate Court, that court has exclusive jurisdiction of an action to annul it. *Code of Practice, article* 608. *Harty et al.* vs. *Harty et al.*, 8 *Martin*, *N. S.*, 520.

*Andrews* and *Boyle*, *contra*, insisted that the Probate Court had no jurisdiction of the case, because it was a claim against property and involved title to real estate.

EASTERN DIST.
June, 1838.

CLARK
vs.
CHRISTINE ET AL

2. The plaintiff's action is prescribed if he seeks to annul a contract or partition made in fraud of creditors. The partition sought to be annulled was homologated in October, 1832, and this suit instituted in November, 1834. The action is prescribed in one year. *La. Code, article* 1988, 1989.

*Bullard, J.,* delivered the opinion of the court.

This action was instituted originally in the Court of Probates, for the parish of East Feliciana, by a creditor of one of the defendants to annul a partition as fraudulent in relation to him, and null on account of certain informalities. It was transferred for trial to the District Court, the judge of probates having been of counsel.

An action, merely to annul a judgment, must be brought in the court which pronounced it.

But where a creditor sues to annul, not merely a judgment of partition, but the partition itself, on the ground of fraud and collusion, in order to reach the property, the cognizance of such an action belongs to the ordinary jurisdiction, and not to the Court of Probates.

A plea to the jurisdiction of the Court of Probates, having been sustained, and the suit dismissed, the plaintiff prosecutes the present appeal.

If this were an action merely to annul a judgment, brought by a party to it, or directly affected by it, the court which pronounced the original judgment could alone take cognizance of a suit to annul it. But the plaintiff who was not a party, but merely represents himself as a creditor, seeks to annul not merely the judgment which preceded the partition, but the partition itself, so far as his rights are concerned, on the ground of collusion and fraud. He seeks to reach the property itself, which formed the subject matter of the partition. We are of opinion that the cognizance of such an action belongs to the ordinary jurisdiction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed, with costs.