EASTERN DIST.
*March*, 1840.

MIX'S ABSENT
HEIRS
*vs.*
MIX'S EXECUTOR
AND LEGATEES.

---

MIX'S ABSENT HEIRS *vs.* MIX'S EXECUTOR AND LEGATEES.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF
POINTE COUPEE.

The attorney of absent heirs cannot institute a suit against the testamentary executor and legatees, to annul the will of the testator. His functions are essentially conservatory.

The attorney of absent heirs, may, and perhaps generally does, represent the legatees named in the will, when any of them are absent; hence the absurdity of his suing to annul the will, and with it, their legacies.

This is an action instituted by the attorney of the absent heirs of James H. Mix, deceased, to annul his last will and testament.

On the 26th of May, 1839, J. H. Mix made his olographic will, in which he bequeathed his plantation in Pointe Coupée, and several slaves, to one Ferdinand Miller, a youth he had raised, to be delivered to him by the executor when he should arrive at the age of majority, and in the meantime he was to be educated at the discretion of the executor. He also gave a legacy in slaves to his sister, Harriet Mix, and her daughter,

of New-Haven, in Connecticut, and the balance of his property he gave to his nephews and nieces, if any there were living, to be equally divided between them. He gave, likewise, special legacies of one hundred dollars each, to his sister and daughter, and to a Mrs. Wooster, for her care and attention to his mother. D. Turnbull was named testamentary executor; and, on his refusal, A. Bourgeat was appointed dative testamentary executor. On making probate of the will, E. Stevens, attorney at law, was appointed to represent the absent heirs; and deeming the will illegal and null for want of the proper legal formalities, commenced suit as attorney of absent heirs, against the executor and all the legatees, to have the will annulled and declared void.

The defendants pleaded a general denial, and averred that the will is valid.

The judge of probates took up the subject on its merits, and rendered judgment against the demands of the plaintiff, and made the executor pay costs out of the funds of the estate. The plaintiff appealed.

*Stevens*, in *propria persona*, as appellant, insisted that no objection could be taken to the form of the action in the Supreme Court, when it had not been made in the court below and specially pleaded. On the merits, he contended that the will was null and void on its face, and could not stand.

*L. Janin*, for the defendants and appellees, objected to the right of the attorney of absent heirs, to institute a suit like this; and, also argued the case at length on the merits, insisting that the will is valid in every particular.

*Bullard, J.*, delivered the opinion of the court.

This is an action brought by the counsel appointed by the Court of Probates, in virtue of *article* 1654, of the *Louisiana Code*, to represent the absent heirs of the testator, against the legatees and the testamentary executor, in order to cause the testament to be declared null on various grounds. Most of the legatees reside abroad, and they, together with a minor

MIX'S ABSENT
HEIRS
, *vs.*
MIX'S EXECUTOR
AND LEGATEES.

The attorney of absent heirs cannot institute a suit against the testamentary executor and legatees, to annul the will of the testator. His functions are essentially conservatory.

The attorney of absent heirs, may, and perhaps generally does, represent the legatees named in the will, when any of them are absent; hence the absurdity of his suing to annul the will, and with it, their legacies.

living in the state, to whom the testator bequeathed a considerable portion of his estate, are represented in these proceedings by a curator *ad hoc.*

Although the case on its merits presents no difficulty, yet we view the proceeding as so novel, that we are induced to consider whether the counsel of absent heirs in this case has any legal authority to institute such a proceeding, to provoke an inquiry into the validity of a testament contradictorily with legatees, and an instituted heir. The article of the code which defines his powers, says, that " when, of the testator's heirs, some are absent and not represented in the state, the judge shall appoint for them a counsel, whose duty it shall be to assist, for them, at the inventory, &c., to take care of their interests, and to oppose every thing which may prejudice the same." The next article makes it his special duty to correspond with those whose interests he is to protect. The counsel of absent heirs in vacant successions, *ab intestato*, are endowed with larger powers by a previous part of the code, (*article* 1204, *et seq.*) They are expressly authorized to institute certain suits of a conservatory character. The reason of this difference appears to us obvious. When the deceased has left a testament, the general interest of the estate is supposed to be confided to an executor, and it is not, perhaps, to be presumed that his legal, differ from his instituted heirs. The attorney appointed to represent the absent heirs may, and, perhaps, generally does represent the legatees named in the will when any of them are absent. In such a case, the absurdity of his suing them to annul the legacies, is too glaring to require any comment.

But, independently of this incongruity which might arise, and does, for aught that appears to the contrary, actually exist in this case, it appears to us that a general authority " to take care of the interests of the absent heirs and to oppose every thing which may prejudice them," does not embrace the right *standi in judicio*, for any other purpose. His functions appear to us essentially conservative, and, in our opinion, the legislature never intended to authorize him to originate litigation either among the heirs themselves, or

EASTERN DIST.

*March*, 1840.

between them and the legatees, and that a judgment pronounced in such a case, could not have, as to them, the authority of *res judicata*.

The judgment of the Court of Probates, is, therefore, affirmed with costs.