## Samuel Clark *v.* Rowena Christine and others.

Courts of ordinary jurisdiction have exculsive cognizance of actions to annul a partition of slaves, made among the heirs of a succession.

The remedy given to a defendant, by proceedings on the sequestration bond, is not exclusive of others.

Appeal from the District Court of East Baton Rouge, *Tessier*, J. presiding.

Garland, J. A reference to the case of *Cooney's Heirs v. Clark*, 7 La. 156, and to that of *Clark* v. *Christine, &c.* 12 La.

394, will exhibit all the material facts of this case, not here stated. The object of this suit is the same as that of the suit commenced in the Probate Court of East Feliciana, above mentioned, and dismissed for want of jurisdiction ; that is to say, to annul for fraud and collusion, the partition made in 1828, in the said court between Madame Christine and her co-defendants, whereby the slaves held in community between Madame Christine and the children of her first husband (Cooney) were all divided between the latter, as being their individual property, inherited from their father ; in consequence of which, the plaintiff was prevented from satisfying a judgment which one Morris had obtained against Madame Cooney and transferred to him, the particulars of which are stated in the case, in 7 La. 156.

The answer of the defendants presents the same questions as those raised by their answer to the suit in the Probate Court; but in addition to that defence, they set up a demand, in reconvention, against the plaintiff for $2680, for the hire of certain of the slaves, now in controversy, which they allege that the plaintiff possessed, and had the use of from November 1st, 1834, to November 1st, 1838. An account is annexed, setting forth the demand in detail.

The case was tried by the Parish Judge, the District Judge recusing himself. The plea to the jurisdiction and other exceptions were overruled ; and, on the merits, a jury found a verdict for the plaintiff in general terms, declaring the partition null and void, but saying nothing about the demand in reconvention. The defendants moved for a new trial on the ground that their demand in reconvention had not been acted on, and that the verdict was contrary to law and evidence. The motion was overruled, and a judgment given declaring the partition made on the 25th of September, 1828, between the widow and heirs of John Cooney, null and void ;. the slaves named in it being adjudged to belong to the community, and the undivided half of the property liable for the payment of the debts of Rowena Christine. From this judgment, the defendants have appealed.

The plea to the jurisdiction of the court does not come with a very good grace from the defendants. When they were sued in the Probate Court of East Feliciana, they excepted to its jurisdiction, and were successful in their plea ; and now, when sued in

Clark v. Christine and others.

the District Court of the parish where they live, the same exception is interposed. But we consider the question as settled by the decision made when the case was last before this court. 12 La. 394.

On the merits, we are of opinion that the verdict and judgment are not sustained by the evidence. The partition which is alleged to be fraudulent, does not purport to be of all the property in community between Rowena Christine and her deceased husband. It is of the slaves only ; and it is stated in it that there is other property not divided. The only debts shown to have been owing by the widow at the time the partition took place, amount to about $500 with some interest, if the amount brought in marriage by John Cooney be excluded ; which, from the testimony, appears to have been about $1000. It may be, that it was in consideration of this latter sum, that the widow of Cooney abandoned whatever right she may have had in the slaves ; as it appears that they are all descendants of the woman, who was purchased with the money owing to him at the time of his marriage. It is not shown that Cooney's widow was insolvent, at the date of the partition. The judgment obtained against her about that time, was satisfied, by the seizure and sale of the negroes Nelson and Lucy, in the following year ; and the judgment now set up by the plaintiff was not obtained until the 17th August, 1834, nearly six years after the partition. It is, in fact, the judgment which the plaintiff recovered against Cooney's widow, on her warranty to him, as shown by the report in 7 La. 156, and the allegations in the petition. The judgment in favor of Morris against her, we think was extinguished by the Sheriff's sale in October, 1829 ; and the debt now claimed, being subsequent to the partition, the plaintiff must make out a case which will authorize him, as a posterior creditor, to attack it. This he has failed to do.

The defendants had a clear right to have their demand in reconvention decided on. Evidence as to the value of the hire of the slaves was offered, but no decision was made in relation to its effects. It may have been, that the judge thought the demand in reconvention not connected with, or incidental to the principal cause of action ; but that is not necessary in this case, as the plaintiff resides in a different parish from the defendants. Article

375 of the Code of Practice has been amended, (B. & C's. Digest, 156, No. 22,) and a demand in reconvention for a cause, not necessarily incidental to the main action, may be examined into. 4 La. 434. The plaintiff insists, that as the demand is for the hire of the slaves, of which it is alleged that he had the services during the pendency of the suit in the probate court, the defendants must resort to their action on the sequestration bond. That the defendants have a remedy on the bond is probably true; but we do not consider it exclusive of all other remedies, if they choose to pursue them. The bond was given for the defendants' security; but if they do not rely on it, they may take whatever other course the law permits.

We think justice will be promoted by remanding this case for a new trial.

The judgment is therefore annulled and reversed, the verdict set aside, and the cause remanded to be tried *de novo*, the judge on the trial thereof conforming his opinions to the principles herein expressed, and otherwise proceeding according to law; the appellee paying the costs of the appeal.

*Lawson,* for the plaintiff.

*Elam,* for the appellants.