## PERRY S. KENNARD *v.* LEMUEL GUSTINE.

A *fi. fa.* having been levied on a note, drawn by a third person, payable to another or bearer, as the property of the defendant in execution, in whose possession it was, the latter wrote his name on the back of the note, as he stated at the time, for the purpose of identifying it. The name of the latter was not mentioned in the description of the note in the sheriff's advertisement of its sale, nor alluded to in the deed from him to the purchaser. That officer testified, that he did not consider the defendant in execution as guarantying the payment of the note; that he sold it as the property of the latter, according to the terms of the advertisement; that the defendant in execution was not present at the sale, and gave no notice that he did not consider himself liable on it; and that, he thinks, the purchaser bought it on the faith of the endorsement of the defendant in execution. An assignee of the purchaser having pleaded the amount of the note, in compensation of a claim sued on by the defendant in execution: *Held,* that the endorsement was made only to identify the note; that the note was neither advertised nor sold as secured by the endorser's liability, but was seized and sold as his property; and that his own endorsement cannot be considered as making any part of the property on which the execution was levied.

One sued as the maker of a promissory note, has no right to a trial by jury, unless he annex to his answer praying for it, the affidavit required by the twenty-fourth section of the act of 20 March, 1839.

A *motion* for a new trial on the ground of newly discovered evidence, will be overruled, where the affidavit does not name the witness, nor show that he is competent to testify.

APPEAL from the District Court of Madison, *Curry,* J.

*Dunlap* and *Bemiss,* for the plaintiff.

*Shannon,* for the appellant.

SIMON, J. The defendant, sued as the maker of a note for five hundred dollars, with ten per cent interest from its maturity until paid, first answered generally, and pleaded failure of consideration, setting up a reconventional demand amounting to four hundred dollars. It appears, that having subsequently purchased a note drawn by one Boggs, payable to one K. A. Martin, or bearer, of the amount of $573 37, upon which the plaintiff had endorsed his name, said defendant obtained leave to file an amended answer, in which he sets up said note in compensation of the plaintiff's claim, alleging that the latter is bound to pay the amount thereof, inasmuch as he endorsed the note, to which he was not a party, after its maturity.

There was judgment below in favor of the plaintiff for the amount of his claim, and the defendant appealed, after having vainly attempted to obtain a new trial.

The appellant does not deny before us that the plaintiff's claim is a just one, and has not suggested any ground for which it should not be allowed ; but he complains that the judge *a quo* has improperly disregarded his plea in compensation, founded on the note of Boggs endorsed by the plaintiff, the amount of which should go to the extinguishment of plaintiff's claim, and judgment be rendered against the latter for the balance.

The evidence shows that the note of Boggs, which formerly belonged to the plaintiff, was taken out of his possession, and endorsed by him, under the following circumstances : An execution having issued against Kennard, the same was levied on a tract of land, and *on Boggs' note,* which was then in his possession as his property. He gave it up to the sheriff to be sold under the execution against him, as shown by the sheriff's return, and after having been advertised for sale, as being " *a note of hand drawn by B. M. Boggs for the sum of $573 57, due on the 26th of February,* 1840, *with interest until paid,* the same was sold and adjudicated, at twelve months' credit, *under the same description,* to John Shannon, from whom, it appears, it was subsequently purchased by the defendant. The name of the plaintiff, then on the back of the note, is not mentioned in the advertisement ; nor is it in any manner alluded to in the deed of sale from the sheriff to Shannon. It is further shown, by the testimony of the deputy sheriff who executed the writ against Kennard, that when he levied the execution, the latter presented the note of Boggs to be seized ; that when Kennard was in the act of writing his name on the back of the note, witness told him he had better not write his name on the back thereof ; that Kennard wrote his name, and stated that he wished to identify the note as his property ; that the witness did not understand Kennard as guarantying the payment of the note, and that he sold the same as Kennard's property, according to the advertisement. The witness further testifies, that on the day of the sale, Kennard gave no notice that he did not consider himself liable

on the note; and that he thinks Shannon purchased the note on the faith of Kennard's endorsement, after having been told by witness that Boggs had removed all his property out of the parish. He adds, that Kennard was not present at the sale.

We think the judge *a quo* did not err, in disallowing the defendant's compensation. The evidence clearly establishes that Kennard's endorsement on the back of the note, had been put there accidentally, and without any other object, on his part, but to identify it as his property. The note was not made payable to him, but was payable to Martin or bearer, and we may fairly suppose that Kennard endorsed it with the idea, that his name would show that it was seized as his property. It was not advertised for sale as being secured by Kennard's liability, and it was sold according the advertisement. Furthermore, how could it be said that Kennard's liability was sold? He was the very debtor against whom the writ had issued, and on whose property it was levied. It is not customary, we believe, for sheriffs to offer for sale the personal obligations of the very debtors against whom they have to carry executions into effect; for if so, defendants in execution would have only to write their names at the foot of a note, and hand the paper over to the sheriff to be sold in satisfaction of the writ. This is too absurd to be for a moment countenanced. Boggs' note was Kennard's property, and was seized as such; but Kennard's liability could not be considered as making any part of the property on which the writ was levied. Shannon may have purchased it on the faith of Kennard's endorsement, but it was not sold with that endorsement, and he cannot acquire more rights than were transferred to him by the sheriff; and, if so, he could not transfer more than he really had.

The bill of exceptions relative to the refusal of the judge *a quo* to put this case on the jury docket, needs not be noticed any further than to add, that a trial by jury was properly refused. The suit was brought on a note, and the defendant did not annex to his answer the affidavit required by law. See 24 sect. of act of 1839, (B. & C.'s Dig. 157.)

The motion for a new trial, on the ground of newly dis-

covered evidence, was properly overruled. The witness is not named in the affidavit ; nor is it shown therein that he was competent to testify.*

*Judgment affirmed.*

---

* The affidavit declared, " that the defendant has discovered, since the trial of the case, new evidence, which no diligence could have procured before the trial, as the defendant was entirely ignorant of its existence ; that he expects to show that the plaintiff, when he endorsed his name on the back of the note pleaded in compensation by defendant, was aware of his liability, and intended to be so liable ; and that his endorsement was intended by him, to render him liable as surety."