MARIE C. TRICHEL, for herself, and as Tutrix of her Minor Children, *v.* HYPOLITE BORDELON, Tutor, and HILAIRE BORDELON, Under-Tutor of Marie Julia Bordelon and others, Minors.

Arts. 604 to 613 of the Code of Practice, authorizing actions to annul a judgment, confine them to the parties to the judgment, and restrict them to the court before which they have been previously litigating. But where a creditor seeks to annul such a judgment, the action must be brought before a court of ordinary jurisdiction. Such an action to annul a judgment for fraud and collusion, is a revocatory action, of which probate courts are without jurisdiction.

APPEAL from the Court of Probates of Natchitoches, *Greneaux,* J.

*P. A. Morse* and *Roysdon,* for the appellant.

*Tuomey,* for the defendants, contended that an action of nullity is to be brought in the court which rendered it, only when instituted by one of the parties to the judgment. See Code ef Practice, art. 604 *et seq.* When commenced, as in this case, by one not a party to the judgment complained of, nor directly affected by it, the suit must be before the ordinary courts. The present suit is, in effect, a revocatory action. See *Fennessy* v. *Gonsoulin,* 11 La. 419. *Clark* v. *Christine et al,* 12 La. 396.

*Bryce,* on the same side, cited in addition, 15 La. 56. 16 Ib. 325. 1 Rob. 115, 226, 242.

GARLAND, J. The plaintiff alleges that she, in her own right, and as tutrix of her minor children, is the creditor of Hypolite Bordelon for a large sum, for which he was the security of Cesaire Fonteneau. This debt, she says, was one owing by the com-

munity existing between the aforesaid Hypolite Bordelon and Denise Fonteneau, his deceased wife and the mother of his children; but that, for the purpose of defrauding her, the said Fonteneau and Bordelon, a short time after the death of the wife of the latter, procured a renewal of said note to be made, so as not to let it appear as a community debt, and thereby largely increased the property in community between the said Hypolite and his children, and thereby made them largely his creditors for their share. It is further alleged that said Hypolite Bordelon procured himself to be confirmed in the natural tutorship of his children, and caused Hilaire Bordelon to be appointed under-tutor, who, in a short time after, commenced a suit in the Probate Court, for the purpose of compelling said Hypolite to render an account of his tutorship, which was ordered and decreed; and that, upon a final settlement, a large balance was found owing to the said minors, for which a judgment was rendered in the said Probate Court, against said Hypolite, and an execution issued upon it, under which all his property was seized and sold, and, by the advice of a family meeting, purchased for the minors by the aforesaid Hilaire, their under-tutor. This whole proceeding, it is alleged, is null and void, for collusion and fraud between the parties, and that it was done for the purpose of defrauding the petitioner and her children of their legal rights. The petitioner alleges that said judgment is for much more than it should be, as, in settling the community, no debts were stated as being owing, whereas, in truth, a large amount was due to various persons besides the petitioner. She therefore prays, that the aforesaid judgment of the Probate Court may be annulled and avoided, for fraud and collusion between the parties, and as being rendered to the injury of her rights, &c.

To this demand an exception to the jurisdiction of the Probate Court was filed, which being overruled, an answer was filed, and, on a trial on the merits, a judgment was given in favor of defendants, from which the plaintiff has appealed.

It appears to us that the judge erred in overruling the plea to the jurisdiction of the court, which exception is insisted on by the counsel for the defendants in this court, although he has a judgment in his favor on the merits. As he does so, we must

act upon his exception, although it will throw upon his client the costs of the appeal.

The object of this suit is to set aside a judgment obtained by fraud and collusion, which in the case of *Fennessy* v. *Gonsoulin* (11 La. 419), this court held to be a revocatory action. That it is so, is clear from an examination of the allegations and prayer of the petition. The case of *Clark* v. *Christine et al.* (12 La. 394), is very similar to this. It was identical until the plaintiff withdrew that portion of her prayer, which asked that the sheriff's sale made on the execution might be annulled. The court, in that case, held, that the Probate Court was without jurisdiction, and that the case must be investigated in the District Court, where it was subsequently instituted and tried.

The articles of the Code of Practice, 604 to 613, which speak of and authorize the action of nullity, seem to us to confine it to the parties to the judgment, and to confine them to the court in which they have been litigating previously; but when a creditor seeks to annul or revoke the proceedings, he must proceed in the ordinary form.

It is, therefore, ordered and decreed, that the judgment in favor of the defendants on the merits, be annulled and reversed, and the suit dismissed; the plaintiff paying the costs in the court below, and the defendants those in this court.