### Lacey, Attorney, &c. v. Newport, Executor, et al.

There must be proof of the existence of absent heirs, to authorize the appointment of an attorney to represent them. In the absence of such proof the appointment will be revoked, as illegal.

APPEAL from the Court of Probates of East Baton Rouge, *Tessier*, J. *Lacey*, appellant, *pro se*. *A. M. Dunn*, for the defendants, cited 12 La. 73. The judgment of the court was pronounced by

ROST, J. In May, 1842, *Timothy H. Corcoran* made an olographic will, by which he gave the sum of $30,000 to his two sons by name, and to any other children which might lawfully be called his by his wife. He distributed the remainder of his property between his wife and children, who were then and still are residents of this State. He also appointed executors. In August following he wrote, dated, and signed what he termed a codicil to this will, by which he gave $1,000 to three of his brothers residing in Ireland, and made other small bequests. He died shortly after, and one of his executors applied for the probate of the two acts of last will. His widow opposed the admission of the codicil to probate. The court sustained the opposition, and adjudged the second will to be null and void, on the ground that the Code does not authorize dispositions *mortis causá*, by codicil.

After the rendition of this decree an attorney of absent heirs was appointed, who instituted these proceedings against the executor and the widow, for the purpose of annulling it, and of causing the rejected will to be probated. The defendants excepted to the action on the ground that, there were no absent heirs, and that the appointment of an attorney to represent them was illegal, and should be revoked. The court below, having sustained the exception, not only revoked the appointment, but went on to decide the case on its merits, and maintained the judgment annulling the will. The plaintiff has appealed.

There is no error in the judgment appealed from so far as the exception is involved. Legatees under a particular title are not heirs, and nothing authorizes the belief that the legislature intended to mulct successions with the expense of an attorney of absent heirs in cases like this. In the case of *Mix's absent heirs* v. *Mix's executor and legatees*, 15 La. 66, cited at bar, we do not understand the court to say that, such an appointment would be authorized under the state of facts presented by this case. Their views in relation to attorneys of absent heirs, as expressed in the leading case of *Robouam's heirs* v. *Robouam's executor*, appear to us incompatible with that hypothesis. 12 La. 73. We do not prejudge of course the right of the foreign legatees to cause the second will to be probated. They are strangers to whatever has been done, and cannot be affected by it. That part of the judgment which reaffirms the judgment annulling the will must therefore be reversed.

It is ordered that the judgment in this case, so far as it sustains the exception of the defendants and revokes the appointment of attorney of absent heirs, be affirmed; and it is further ordered that the remainder of the judgment be reversed and annulled, as having been rendered without proper parties. It is further ordered that the plaintiff pay the costs of the court below; those of this appeal to be paid by the defendants and appellees.