### ALBERT PACK and WIFE *v.* ELISHA CHAPMAN.

The oath appended to an answer demanding a jury trial on a promissory note, is not proof, and does not change the character of the pleadings.

It is incumbent for a party, on pleading the want of consideration, to prove it. The *onus* is not upon the plaintiff.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Michel & Koontz* and *A. W. Jourdan* for plaintiffs. *P. Soulé* and *L. Charvet,* for defendant.

MERRICK, C. J. This is a suit brought upon a promissory note payable to the defendant's order for the sum of $1000.

The answer admits the signature to the note, but denies the consideration, and alleges that the note was obtained by duress.

The answer was sworn to, but the jury fee not being paid, the case was tried by the Court.

The defendant's counsel makes two points in this Court as the grounds for the reversal of the judgment.

1st. That the Court erred in rendering judgment against defendant

without proof of consideration, the same having been specially denied under oath.

2d. That the District Court erred in refusing a new trial on the grounds stated by defendant under oath, and that justice required a new trial.

I.   On the first ground it must be observed that the oath of defendant to his answer is required to entitle him to a trial by jury. It is not received as proof, and hence does not change the character of the pleadings.   The point therefore simply presents the question whether the denial of consideration of a promissory note throws the burden upon the plaintiff to prove it in the first instance.

There is indeed a *dictum* in the case of *Tresott et al.* v. *Bowles*, 18 L. R. 29, which sustains the affirmative of the question, but the judgment in that case was against the defendant, and the current of decisions is the other way.

In *Livaudais' Heirs* v. *Fon*, 8 *Martin*, 161, Judge Matthews said "The execution of the note raises a presumption of a just consideration which must be defeated by proof to the contrary on the part of the defendants." In the case of *West* v. *Wilson* it was held that the burthen of proof was upon the defendant to show the want of consideration in a note. 4 L. R. 220.   The same doctrine was in effect admitted in the cases of *Harrison* v. *Poole*, 4 Rob. 196, *Wooton* v. *Harrison*, 9 An. 234, and the recent case of *Martin* v. *Donovan*, 15 An. 41.   See also Roscoe on Evidence, 167, and Chitty on Bills, 661, and note.

Aside from the peculiar character which the commercial law confers upon promissory notes and bills of exchange, if they be regarded as ordinary contracts, the burden of proof will still be upon the defendant to impeach the consideration under the construction which has been given by this Court to article 1888 C. C.   That article declares that an agreement is not the less valid though the cause be not expressed. If the contract be valid without expressing the cause, the courts should give it effect without requiring the plaintiff to allege or prove it; and such was the conclusion of this court in the case of *Barrow* v. *Cazenave*, 5 L. R. 78, where the Court, quoting from Toullier, said: a just cause is always understood *unless the contrary be proved*, and if the cause expressed is *proved* to be a bad one, then the obligation is null and void unless the creditor shows that there were other just considerations for it.   It was therefore, (the Court proceeds,) for the party promising in this case, after the promise was proved, to discharge himself from its effects by showing that it was made without a just and legal cause.   See also Marcadé, 6 vol., p. 5, III Art. 1315; *Brashear* v. *Hazard*, 12 Rob. 329; *Kathman* v. *Gen. Mutual Ins. Co.*, 12 An. 37.

The case of *Copeley* v. *McFarland*, 9 Rob. 148, 149, does not sustain the Reporter's note of the case, and it is not in conflict with the other decisions on this point.

The cases in 2 L. R. 456, 6 N. S. 566, 9 Rob. 257, and 3 An. 294, relate to the allegations and proof where the good faith of the transferee of a note is put at issue. V. Chitty on Bills, 662.

II.   On the second ground.   The unavoidable detention of defendant in another court at the time this case was called for trial is not an excuse for the non-attendance of his witnesses.   He had counsel, and it was his duty to communicate the names of his witnesses and what he expected to

PACK
*n*
CHAPMAN.

prove by them to his counsel, in order that the latter might have those attached who had been summoned, and prepare an affidavit for a continuance on account of the materiality of the testimony of those witnesses who had not been served with a summons.

The defendant has therefore failed to show due diligence.

The affidavit for a new trial is also defective in not disclosing the names of the witnesses and what the defendant expected to prove by them. See *Kennard* v. *Gustine*, 9 Rob. 170; *Riley* v. *Louisville*, 2 An. 965; *Doat* v. *Maltby*, Ibid 583.

Judgment affirmed.