## THE STATE, EDWARD FEATHERSTONE, PROSECUTOR, v. THE CITY OF LAMBERTVILLE.

Under the act of 1884 (*Pamph. L.*, p. 133) and 1886 (*Pamph. L.*, p. 397), the sole power to pass ordinances to regulate and prohibit the sale of intoxicating liquors and beer is vested in the excise board, and not in the common council.

Argued at February Term, 1888, before Justices VAN SYCKEL, KNAPP and DIXON.

For the plaintiff, *Charles A. Skillman.*

For the defendant, *Lambert H. Sergeant.*

The opinion of the court was delivered by

VAN SYCKEL, J. The relator was convicted of violating an ordinance of the city of Lambertville in selling liquor without license.

The ordinance in question was passed March 9th, 1886.

By an act passed April 8th, 1884 (*Pamph. L.*, p. 133), it is provided "that in all cities of this state it shall and may be lawful for the common council of said city to pass ordinances to

take effect within their said city for the following purposes, to wit : To provide for the establishment of a board of excise commissioners, to consist of five members ; that such commissioners of excise shall have the sole power to license and regulate or prohibit inns and taverns, restaurants and beer saloons, and when licensed, to revoke or transfer such license and to prohibit all traffic in or sale of intoxicating drink or drinks on such terms and under such regulations or penalties as the said commissioners of excise shall by their by-laws impose, and no other license for such purposes within said city granted by any other authority shall be lawful."

On the 9th of March, 1886, the common council of Lambertville, under the authority of this act, passed an ordinance to establish a board of excise commissioners for said city, and in said ordinance the common council prescribed the terms, conditions and regulations under which licenses should be granted and revoked, and also the manner in which the excise commissioners should exercise their functions.

The excise commissioners have never passed any by-laws or resolutions touching the subjects committed to their control by the act of 1884. Under this act the sole power to pass ordinances to license inns and taverns and to regulate or prohibit the sale of intoxicants is vested in the excise commissioners. The power given to and the duties imposed upon them cannot co-exist with the retention by the common council of their authority over the same subject-matter. Upon the establishment of the excise department the power of the common council in this respect was at an end.

Hence, the ordinance which is alleged to have been violated by the prosecutor is void, and the conviction must be set aside, with costs.

The act of 1886 (*Pamph. L.*, p. 397) amending the act of 1884, declares with more precision the intention of vesting in the excise board the exclusive control of these matters, by passing such by-laws and ordinances as they may deem expedient.